1  Joseph H. Harrington
   Acting United States Attorney
2  Eastern District of Washington
3  Richard R. Barker
   Assistant United States Attorney
4  Post Office Box 1494
5  Spokane, WA 99210-1494
   Telephone: (509) 353-2767
6

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 19, 2021

SEAN F. McAVOY, CLERK

7              UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF WASHINGTON
8

9  UNITED STATES OF AMERICA,

10            Plaintiff,                 2:21-CR-69-SAB

11       v.                              Plea Agreement
12
13 STEPHEN ANDREW DAHLIN,

14            Defendant.

15
    Plaintiff United States of America, by and through Joseph H. Harrington,
16
   Acting United States Attorney for the Eastern District of Washington; Richard R.
17
   Barker, Assistant United States Attorney; Defendant, STEPHEN ANDREW
18
   DAHLIN, and Defendant's counsel, Houston Goddard, agree to the following Plea
19
   Agreement:
20
        1.  Guilty Plea, Maximum Statutory Penalties, and Supervised Release
21
        The Defendant, STEPHEN ANDREW DAHLIN (hereinafter Defendant) by
22
   and through this Plea Agreement agrees to plead guilty to the Indictment, filed on
23
   May 26, 2021, charging him with Possession of Counterfeit Currency, in violation
24
   of 18 U.S.C. § 472. The Defendant understands that Possessing Counterfeit
25
   Currency is a Class C Felony and carries maximum statutory penalties of not more
26
   than a 20-year term of imprisonment; a fine of not more than $250,000; not more
27

28             Plea Agreement – Stephen Andrew Dahlin
                              - 1 -

than a 3-year term of supervised release; a $100 special penalty assessment; and restitution.

Defendant understands that a violation of a condition of any period of supervised release imposed by the Court carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2.  <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence in deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward in the exercise of its discretion pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a).

Defendant also understands that, if the Court does not accept the parties' recommendations, then that decision is not a basis for withdrawing from either this Plea Agreement or his plea of guilty.

3.  **Waiver of Constitutional Rights:**

The Defendant understands that by entering this plea of guilty, the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a. The right to a jury trial;
    b. The right to see, hear, and question the witnesses;
    c. The right to remain silent at trial;
    d. The right to testify at trial; and
    e. The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands he retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4.  **Elements of the Offenses:**

The United States and Defendant agree that, in order to convict Defendant of Possessing Counterfeit Currency in Violation of 18 U.S.C. 472, the United States would have to prove beyond a reasonable doubt the following elements:

*First*, on or about December 29, 2020, in the Eastern District of Washington, Defendant knowingly possessed the following falsely made, forged, and counterfeited Federal Reserve Notes:

- One $20 Federal Reserve Note, bearing serial number ML23413407I;
- Four $5 Federal Reserve Notes, bearing serial numbers PE41098766B

*Second*, the Defendant knew the FRNs were counterfeit;

Plea Agreement – Stephen Andrew Dahlin
- 3 -

*Third*, Defendant possessed the counterfeit FRNs with intent to defraud.

5. <u>Factual Basis and Statement of Facts:</u>

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the guideline computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On December 29, 2020, in the Eastern District of Washington, the Defendant was arrested by the Spokane Police Department on a felony warrant following a traffic stop. Dahlin was searched incident to arrest during the booking process at the Spokane County Jail by Spokane Police. While searching Dahlin's wallet during the property inventory process at the jail, a Spokane Police Department Officer observed a $5 Federal Reserve Note (FRN), which appeared to be counterfeit. The bill did not have the correct dimensions for a genuine FRN, did not have the same texture as a genuine FRN, and the printing on the note was not "crisp and clear" as it would be on a genuine FRN. Spokane Police continued their search of Dahlin's wallet, observing a total of four $5 FRNs, each with the serial number ML23413407I, and one $20 FRN with the serial number PE41098766B, which also was counterfeit.

United States Secret Service – which was conducting its own investigation into several alleged incidents involving Dahlin allegedly passing counterfeit currency – took the bills as evidence and confirmed that each was counterfeit. Defendant acknowledges that he knew the bills were counterfeit and he intended to use and/or pass the bills off as genuine United States Currency.

6.  **The United States Agrees:**

The United States Attorney's Office for the Eastern District of Washington, agrees not to bring any additional charges against Defendant based upon information in its possession, at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment, unless Defendant breaches this Plea Agreement, any time before sentencing.

7.  **United States Sentencing Guideline Calculations:**

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case, and that the Court will determine Defendant's applicable advisory sentencing guideline range at sentencing.

   a)  **Base Offense Level:**

The United States and Defendant agree that the base offense level for Possessing Counterfeit Currency is 9. *See* USSG § 2B5.1(a). The United States and Defendant believe no Specific Offense Characteristics apply.

   b)  **Acceptance of Responsibility:**

If the Defendant enters pleas of guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement, and enters pleas of guilty not later than the Pretrial Conference, the United States will move for a two (2)-level downward adjustment in the Combined Offense Level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a). Should the Court determine that the offense level is 16 or greater, the United States will move for an additional 1-level downward adjustment, pursuant to U.S.S.G. §3E1.1(b).

The United States and the Defendant agree that the United States may at its option and upon written notice to the Defendant, not recommend a downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

   c) <u>Criminal History:</u>

The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which will be determined by the Court, after the Presentence Investigative Report is completed.

  8. <u>Departures and Variances:</u>

The United States agrees not to seek an upward departure from the applicable sentencing guideline range, as determined in the Presentence Investigation Report.

  9. <u>Incarceration:</u>

The United States agrees that it will recommend a sentence no higher than the low-end of the Advisory Guideline Range as determined by the Court at the time of Sentencing. Defendant is free to recommend any legal sentence.

  10. <u>Criminal Fine:</u>

The parties agree that neither party will recommend a criminal fine.

  11. <u>Probation and/or Supervised Release:</u>

The United States and Defendant agree to recommend a 3-year term of probation and/or supervised release to include any special conditions as determined by the Court.

  12. <u>Mandatory Special Penalty Assessment:</u>

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of the Court. *See* 18 U.S.C. § 3013.

13. <u>Additional Violations of Law Can Void Plea Agreement:</u>

Defendant and the United States agree that the United States may, at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, before sentence is imposed, Defendant is charged or convicted of any criminal offense whatsoever, or if Defendant tests positive for any controlled substance.

14. <u>Appeal Rights:</u>

The Defendant understands that he has a limited right to appeal or challenge the convictions and sentences imposed by the Court. The Defendant hereby expressly waives his right to appeal his conviction and the sentence, including any fine, any term of supervised release, special penalty assessments, any restitution imposed or ordered by the Court.

Should the Defendant successfully move to withdraw from this Plea Agreement, or should either of the Defendant's convictions be dismissed, set aside, vacated, or reversed, the Plea Agreement shall become null and void; the United States may prosecute the Defendant on all available charges involving or arising out of this Indictment. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255 (writ of habeas corpus). However, Defendant further expressly waives his right to file any post-conviction motion attacking his convictions and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due

diligence, could not be known by Defendant by the time the Court imposes the sentence.

15. <u>Integration Clause:</u>

The United States and Defendant, acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant. This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and therefore cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney=s Office for the Eastern District of Washington.

Joseph H. Harrington
Acting United States Attorney

*Richard R. Barker* (signature)          7/30/21

Richard R. Barker                          Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me,

other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____   7/30/21
STEPHEN ANDREW DAHLIN          Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____   7/30/21
Houston Goddard                Date
Attorney for Defendant