PROB 12C
(6/16)

Report Date: January 20, 2022

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 20, 2022

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Stephen Andrew Dahlin | Case Number: 0980 2:21CR00069-SAB-1 |
| Address of Offender: | |

Name of Sentencing Judicial Officer:  The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: December 2, 2021

| | |
|---|---|
| Original Offense: | Possession of Counterfeit Currency, 18 U.S.C. § 472 |
| Original Sentence: | Probation - 36 months        Type of Supervision: Probation |
| Asst. U.S. Attorney: | Richard R. Barker        Date Supervision Commenced: December 2, 2021 |
| Defense Attorney: | J Houston Goddard        Date Supervision Expires: December 1, 2024 |

### PETITIONING THE COURT

To issue a **warrant.**

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number        Nature of Noncompliance

1        **Special Condition #2**:  You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: On December 16, 2021, Stephen Dahlin allegedly violated special condition number 2 by failing to report for his individual treatment session, which caused him to be out of compliance with his established treatment program.

On December 9, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Stephen Dahlin as outlined in the judgment and sentence.  He signed the judgment acknowledging the requirements.

On December 16, 2021, Pioneer Human Services (PHS) notified this officer that the offender failed to report for his individual treatment session as scheduled.  According to PHS, Mr. Dahlin claimed he thought his session was scheduled for the following day, and although he was rescheduled for the following week, the offender was considered to be out of compliance with his treatment program.

Prob12C
**Re: Dahlin, Stephen Andrew**
**January 20, 2022**
**Page 2**

| | | |
|---|---|---|
| 2 | **Special Condition #3**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. | |

**Supporting Evidence**: On December 13, 2021, Stephen Dahlin allegedly violated special condition number 3 by consuming methamphetamine.

On December 9, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Stephen Dahlin as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On December 17, 2021, the offender was subject to phase urinalysis testing at PHS, when his assigned color was identified for testing. On that date, Mr. Dahlin provided a urine sample that tested presumptive positive for amphetamine and methamphetamine. He subsequently signed an admission of use form admitting use of methamphetamine on or about December 13, 2021.

On December 30, 2021, the laboratory confirmed the urine sample collected from the offender on December 17, 2021, was in fact positive for methamphetamine. The laboratory did also note that the sample was "dilute."

3  **Special Condition #3**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On December 26, 2021, Stephen Dahlin allegedly violated special condition number 3 by consuming methamphetamine.

On December 9, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Stephen Dahlin as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On December 30, 2021, the offender was subject to random urinalysis testing at the U.S. Probation Office. On that date, Mr. Dahlin waived urinalysis testing and admitted to the use of methamphetamine. He subsequently signed an admission of use form admitting he had used methamphetamine on or about December 26, 2021.

4  **Special Condition #3**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On January 13, 2022, Stephen Dahlin allegedly violated special condition number 3 by failing to report for phase urinalysis testing when his assigned color was identified for testing.

On December 9, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Stephen Dahlin as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

Prob12C
**Re: Dahlin, Stephen Andrew**
**January 20, 2022**
Page 3

On January 18, 2022, the undersigned officer received notification from PHS that Mr. Dahlin failed to report for phase urinalysis testing on January 13, 2022, when his assigned color was identified for testing.

5  **Standard Condition #12**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: On January 19, 2022, Stephen Dahlin allegedly violated standard condition number 12 by failing to report to the U.S. Probation Office, as instructed.

On December 9, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Stephen Dahlin as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On January 19, 2022, the undersigned officer attempted to contact the offender to discuss his recent failure to report for phase urinalysis testing on January 13, 2022, but was unsuccessful. This officer subsequently sent Mr. Dahlin voice and text messages instructing him to report to the U.S. Probation Office by 12 p.m. that same date.

Although he would not answer this officer's phone calls, Mr. Dahlin did respond to the undersigned via a text message as such: "Failed to report for a UA? When did I fail to report?" The assigned officer attempted to call the offender on two subsequent occasions, including at 12:01 p.m. on January 19, 2022, after he failed to report as instructed. It should be noted that those attempts to contact Mr. Dahlin were unsuccessful and his whereabouts are currently unknown.

6  **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: On January 19, 2022, Stephen Dahlin allegedly violated standard condition number 5 by failing to report a change in his living arrangement.

On December 9, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Stephen Dahlin as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On January 19, 2022, this officer became aware that Mr. Dahlin had not been seen at his approved residence for weeks. According to the information obtained, the offender had been staying with his girlfriend since the end of December 2021, and attempts to contact him have been unsuccessful.

Mr. Dahlin failed to notify this officer that there was a change in his living arrangement. Although the undersigned spoke with Mr. Dahlin on December 30, 2021, and then met in person on January 4, 2022, the offender failed to notify this officer of the change. At this time, the undersigned is not privy to where or with whom Mr. Dahlin is residing.

Prob12C
Re: Dahlin, Stephen Andrew
January 20, 2022
Page 4

| | | |
|---|---|---|
| 7 | **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. | |

**Supporting Evidence**: On January 19, 2022, Stephen Dahlin allegedly violated standard condition number 7 by failing to report a change in his employment.

On December 9, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Stephen Dahlin as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On January 19, 2022, the undersigned officer spoke with the human resources department at Yoke's Fresh Market. According to the information received, the offender was last at work on December 22, 2021; he was terminated the next day, on December 23, 2021, when he was a "no-call, no-show."

Mr. Dahlin failed to notify this officer that there was a change in his employment. Although the undersigned spoke with Mr. Dahlin on December 30, 2021, and then met in person on January 4, 2022, the offender failed to notify this officer of the change. At this time, the undersigned is not privy to where Mr. Dahlin is employed, if at all.

8          **Special Condition #2**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Stephen Dahlin allegedly violated special condition number 2 on December 22, 2021, and January 7 and 19, 2022, by failing to engage in his substance abuse group treatment sessions as scheduled.

On December 9, 2021, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Stephen Dahlin as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On January 19, 2022, this officer received notification from PHS that the offender failed to attend his substance abuse group treatment sessions as scheduled on December 22, 2021, as well as January 7 and 19, 2022. According to PHS, Mr. Dahlin was late to his virtual treatment session on January 19, 2022, and thus did not fully complete his group session on that date.

The U.S. Probation Office respectfully recommends the Court issue a **warrant** requiring the offender to appear to answer to the allegations contained in this petition.

Prob12C
**Re: Dahlin, Stephen Andrew**
**January 20, 2022**
**Page 5**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 01/20/2022

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

*Stanley A. Bastian*

Signature of Judicial Officer

1/20/2022

Date